UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REDICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ON TIME CAPITAL LLC,<br><br>Defendant. | Case No. 1:25-cv-00928-JLT-CDB<br><br>ORDER DISCHARGING OCTOBER 22, 2025, ORDER TO SHOW CAUSE<br><br>(Doc. 4)<br><br>ORDER GRANTING *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF PROCESS<br><br>(Doc. 5)<br><br>**December 1, 2025, Deadline**<br><br>ORDER CONTINUING THE DECEMBER 11, 2025, SCHEDULING CONFERENCE<br><br>(Docs. 3, 4) |

**Background**

Plaintiff William Redick ("Plaintiff") initiated this action with the filing of a complaint on July 29, 2025. (Doc. 1). On October 22, 2025, the Court ordered Plaintiff to show cause ("OSC") in writing why sanctions should not be imposed for Plaintiff's failure to prosecute, failure to serve the summons and complaint in a timely manner, failure to promptly file proof of service, and failure to timely file a scheduling report. (Doc. 4). Additionally, the Court continued the scheduling conference to December 11, 2025, at 9:00 AM., and ordered Plaintiff to serve a copy

of the OSC on Defendant within five (5) days of its entry and promptly file proof of service thereof. *Id.* at 3.

**Discussion**

Pending before the Court is Plaintiff's response to the OSC (Doc. 6) and *ex parte* request for an extension of time to serve Defendant, filed on October 27, 2025. Counsel for Plaintiff represents that due to an inadvertent error with Plaintiff's calendaring system, the deadline to file the joint scheduling report did not appear in his calendar, and as a result of this excusable neglect, he did not realize that the event did not populate in his calendar, therefore resulting in Plaintiff missing the deadline at the time of the OSC. (Doc. 6 ¶¶ 3, 4). Counsel for Plaintiff represents he has been diligently attempting to serve Defendant On Time Capital LLC ("Defendant") at the addresses via public information but has been unable to do so. *Id.* ¶ 5. In his *ex parte* request, Plaintiff represents that he needs additional time to effectuate service as his service attempts at the address located on the Secretary of State's website and the address on Defendant's website both were unsuccessful. (Doc. 5 ¶¶ 4, 5). Plaintiff represents that the individual that met with the process server at the address on Defendant's website advised that there is no corporation with the name of Defendant's business. *Id.* ¶ 5. Plaintiff further represents that he is in the process of running an internal background search to attempt to locate the address of Defendant, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Plaintiff attests good cause exists to grant his request based on his unsuccessful attempts via public search. *Id.* ¶¶ 6, 7. Plaintiff therefore seeks an additional 30 days to serve Defendant. *Id.* ¶ 8.

In light of Plaintiff's representations in response to the Court's OSC, the Court concludes that counsel's conduct cited in the OSC is the result of excusable neglect. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Accordingly, the Court will discharge its October 22, 2025, order to show cause (Doc. 4).

With respect to service, where a plaintiff fails to serve a defendant within 90 days after the complaint is filed, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action or order that service be made within a specified time upon a showing by the plaintiff of "good cause" for the delay. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Here, based on counsel for Plaintiff's attestations and efforts in attempting to conduct service on Defendant, the Court finds good cause to extend the time under Rule 4(m) to effect service on Defendant to December 1, 2025.

The undersigned observes that counsel for Plaintiff has provided the Court only limited information concerning the nature and extent of counsel's service attempts.  While counsel's representations are sufficient to justify a brief extension of the service deadline under Rule 4(m), no further extensions of the Rule 4(m) deadline will be granted absent a more robust showing by counsel that service attempts have been diligent and unusual circumstances have prevente service from being effectuated.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's order to show cause (Doc. 4) is DISCHARGED;

2. Pursuant to Fed. R. Civ. P. 4(m), no later than **December 1, 2025**, Plaintiff SHALL FILE summons returned executed as to Defendant; and

3. The December 11, 2025, scheduling conference (Docs. 3, 4) is reset to **January 13, 2025, at 10:00 AM** before Magistrate Judge Christopher D. Baker. The parties are reminded of their obligation to file a joint scheduling report at least one week prior to the conference.  (Doc. 3).

IT IS SO ORDERED.

Dated:   **October 28, 2025**

UNITED STATES MAGISTRATE JUDGE

3