UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REDICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ON TIME CAPITAL LLC,<br><br>Defendant. | Case No. 1:25-cv-00928-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT ON TIME CAPITAL LLC WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 4(m) AND TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>**14-DAY OBJECTION PERIOD** |

**Background**

Plaintiff William Redick ("Plaintiff") initiated this action with the filing of a complaint on July 29, 2025. (Doc. 1). On October 22, 2025, the Court ordered Plaintiff to show cause ("OSC") in writing why sanctions should not be imposed for Plaintiff's failure to prosecute, failure to serve the summons and complaint in a timely manner, failure to promptly file proof of service, and failure to timely file a scheduling report. (Doc. 4). Additionally, the Court continued the scheduling conference to December 11, 2025, at 9:00 AM., and ordered Plaintiff to serve a copy of the OSC on Defendant and promptly file proof of service thereof. *Id.* at 3. On October 27, 2025, Plaintiff responded to the OSC and included an *ex parte* request for an extension of time to serve Defendant. (Doc. 6). The next day, the Court discharged the OSC and, based on counsel for Plaintiff's attestations and efforts in attempting to effect service of process on Defendant, found

good cause to extend the time under Federal Rule of Civil Procedure 4(m) to complete service upon Defendant to December 1, 2025. (Doc. 7 at 3). The Court noted that counsel for Plaintiff's representations were sufficient to justify only a brief extension of the service deadline under Rule 4(m), and that no further extensions thereto will be granted absent a more robust showing by counsel that service attempts have been diligent and unusual circumstances have prevented service from being effectuated. *Id.*

To date, no return of service has been filed as to Defendant On Time Capital LLC, and Plaintiff has not filed any further request for extension of the Rule 4(m) deadline or otherwise any declaration explaining his failure to serve Defendant, and the time to do so has passed.

**Governing Authority**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that

1 must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Discussion**

Here, Plaintiff has failed to comply with Rules 4(m) in timely effecting service of process upon Defendant, has not reported to the Court why, if service has not been effective, any extension is warranted, and has otherwise failed to show any good cause why unserved Defendant or this action in its entirety should not be dismissed.

Because the Court previously directed Plaintiff to show cause why the unserved Defendant should not be dismissed and Plaintiff failed to present good cause for failing to timely serve Defendant, imposing the sanction of dismissal is not only warranted, but required under Rule 4(m). Accordingly, the undersigned will recommend the Court exercise its broad discretion to decline to extend the time within which Plaintiff may effect service of process upon Defendant, and that the sole named Defendant On Time Capital LLC be dismissed without prejudice pursuant to Rules 4(m). *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (holding that even if the plaintiff fails to show good cause for failure to timely serve under Rule 4(m), a district court has "the discretion to dismiss without prejudice or extend the time period.") (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995)).

Additionally, the undersigned finds it appropriate to recommend this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's orders and Local Rules. Plaintiff failed to effect service on Defendant under Rule 4(m) by the December 1, 2025, deadline, has not made any further request for extension of that deadline supported by good cause, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to effect service on Defendant and obey this Court's orders. Thus, the

first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and effect service upon Defendant by the extended deadline of December 1, 2025. (Doc. 7). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and are thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned that he is at risk for sanctions, "including dismissal of any unserved Defendant or this action in its entirety—for Plaintiff's failure to prosecute, failure to serve the summons and complaint in a timely manner, failure to promptly file proof of service, and failure to timely file a scheduling report." (Doc. 4 at 2). Plaintiff was adequately forewarned that the failure to prosecute and the failure to effect service in a timely manner could result in terminating sanctions. Because Plaintiff has failed to comply with this Court's orders and in so doing is failing to prosecute his case, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant On Time Capital LLC and this action be DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 4(m);
2. The Clerk of the Court be DIRECTED to terminate Defendant On Time Capital LLC and update the docket accordingly;
3. This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and the Local Rules; and
4. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **December 3, 2025**                          _____
                                                                                                    UNITED STATES MAGISTRATE JUDGE